NMA:PTH

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     -against-

KIARALYS TORRES,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**15M150**

TO BE FILED UNDER SEAL

COMPLAINT AND AFFIDAVIT IN
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C., §§ 1951 and 924(c))

EASTERN DISTRICT OF NEW YORK, SS:

       SHAWN EDMONDS, being duly sworn, deposes and says that he is a Special

Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly

appointed according to law and acting as such.

       On or about October 12, 2014, within the Eastern District of New York, the

defendant KIARALYS TORRES, together with others, did knowingly and intentionally

conspire to obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, to wit: currency and merchandise, by robbery, while brandishing

a firearm.

       (Title 18, United States Code, Sections 1951 and 924(c)).

       The source of your deponent's information and the grounds for his belief are

as follows:

1.      I have been a Special Agent with the ATF for twelve years.  During my tenure with the ATF, I have investigated various federal criminal violations including robberies, narcotics trafficking and homicides.  During the course of those investigations, I have conducted physical surveillance, monitored undercover operations, debriefed cooperating witnesses and confidential informants, monitored wiretaps and cloned pagers, and interviewed civilian witnesses.  I am currently assigned to New York Group II, which investigates violent crimes.

2.      Because this affidavit is being submitted for the purpose of establishing probable cause to arrest, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause.  The information set forth below is based upon my experience and training as an ATF Special Agent, my review of documents and other evidentiary items, debriefing of witnesses, and my discussions with other law enforcement agents.  Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part only.

3.      On or about September 10, 2014, an individual later identified as defendant KIARALYS TORRES, accompanied by a female and a male, entered the victims' apartment in Queens, New York.[1]  Defendant TORRES and the individuals accompanying her expressed to Victim #2 their interest in purchasing merchandise that the victims sold and inquired as to where in the apartment the victims kept the merchandise.

---

[1] The victims (Victim #1 and Victim #2) are owners of a retail business that sells watches and perfume, among other items, which are commodities that move in interstate commerce.  The victims store the merchandise at their Queens, New York apartment.

4.      As detailed below, on or about October 12, 2014, between approximately 7:30 p.m. and 8:30 p.m., individuals later identified as defendants KIARALYS TORRES, HENRY FERNANDEZ, and PETE VEGA, entered the victims' apartment building in Queens, New York and approached the front door of the victims' apartment. Defendant TORRES, standing outside the front door, called the name of Victim #1 and Victim #1 slightly opened the door. Defendants FERNANDEZ and VEGA forced their way through the front door of the apartment. Defendants FERNANDEZ and VEGA were wearing silver police shields on a chain around their necks; defendant FERNANDEZ displayed his silver police shield and a firearm. Defendants FERNANDEZ and VEGA misrepresented that they were police officers and that they had come to arrest Victim #1 for credit card fraud. Shortly after defendants FERNANDEZ and VEGA entered the victims' apartment, defendant TORRES exited the victims' apartment building.

5.      While holding a firearm, defendant FERNANDEZ rear-cuffed Victim #1 and threw him to the ground, pinning him in that position while defendant VEGA went through the victims' apartment. Defendant FERNANDEZ asked Victim #1 where the money was in the apartment. Defendant VEGA went into Victim #1's room, where Victim #1's safe was open, and removed $1,600 in United States currency. Defendant VEGA then removed $600 in United States currency from Victim #1's night table. While holding a firearm, defendant FERNANDEZ repeatedly advised Victim #1 that defendants FERNANDEZ and VEGA were police officers and that if Victim #1 moved he would be shot.

6.      Defendant FERNANDEZ brought Victim #1 into another room in the apartment, where he used another set of handcuffs to cuff him to a door. Defendants FERNANDEZ and VEGA took out large laundry bags that they had brought and placed

merchandise from Victim #1's business, including watches, perfumes and handbags, into the bags. Victim #1 has estimated that the defendants stole approximately $16,000 worth of merchandise. Defendants FERNANDEZ and VEGA then ran out of the victims' apartment just as Victim #2 entered the apartment; they rushed Victim #2 out of their way by pushing him towards the door.

7.      Surveillance video taken from inside the victims' apartment building shows a female and two males entering the building around the time of the robbery. The female is seen exiting the building a few minutes later. The female in the surveillance video has the same general physical characteristics—including height, weight, skin color, and hair color—as defendant TORRES.

8.      On December 4, 2014, law enforcement agents observed defendant TORRES in Courtroom 2A of the United States Courthouse in Brooklyn, New York during the arraignment of other defendants involved in or related to the October 12, 2014 home invasion robbery. Defendant TORRES was wearing a rose gold watch that appeared similar to one of the watches stolen during the October 12, 2014 home invasion robbery.

9.      On December 15, 2014, an NYPD detective showed Victim #2 a photo array, which included a photo of the defendant TORRES and five other women.[2] After viewing the photo array, Victim #2 positively identified defendant TORRES as the female who visited his apartment on September 10, 2014 as a potential buyer of merchandise from the victims.

_____

[2] A January 13, 2010 department of motor vehicles photograph of defendant TORRES was included in the photo array. The driver's license states that defendant TORRES was born in 1991, is 5'4" tall, and has brown eyes.

10.     On December 16, 2014, law enforcement agents searched a single-family home located at 158-11 81st Street, Howard Beach, New York, 11414 ("Howard Beach residence"), pursuant to a court-authorized search warrant.  According to records of the New York State Department of Motor Vehicles, defendant FERNANDEZ resides at that Howard Beach residence.  During law enforcement agents' December 16, 2014 search of the Howard Beach residence, they found several items stolen from the victims of the October 12, 2014 robbery.  Law enforcement agents also observed defendant TORRES at the Howard Beach residence during the search.  Defendant TORRES told law enforcement agents that she had been living at the Howard Beach residence for the previous six months.

11.     On January 5, 2015, an NYPD detective showed Victim #1 a photo array, which included a photo of the defendant TORRES and five other women.[3]  After viewing the photo array, Victim #1 positively identified defendant TORRES as the female who visited his apartment on September 10, 2014 as a potential buyer of merchandise from the victims.

12.     Because public filing of this document could result in defendant TORRES's flight and/or danger to the victims identified herein, your deponent respectfully requests that the complaint and arrest warrant be filed under seal.

---

[3] A January 13, 2010 department of motor vehicles photograph of defendant TORRES was included in the photo array.  The driver's license states that defendant TORRES was born in 1991, is 5'4" tall, and has brown eyes.

6

WHEREFORE, your deponent respectfully requests that the defendant be dealt with according to law.

SHAWN EDMONDS
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Sworn to before me this
1 day of February, 2015

THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK